UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE ARTURO VASQUEZ-PEREZ, | Civil No. 09cv1179-L(NLS) |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |
| v. | |
| UNITED STATES, *et al.*, | |
| Defendants. | |

Plaintiff is a Mexican citizen whose application for adjustment of status was denied by the United States Citizenship and Immigration Services. He brought this action pursuant to the Administrative Procedure Act, 5 U.S.C. § 701, *et seq*. ("APA"), contending that the denial of his application is based in a legal error. Defendants filed a motion to dismiss, arguing that this court lacks jurisdiction over the subject matter. Plaintiff opposed the motion.[1] Because the court lacks jurisdiction, Defendants' motion is **GRANTED**.

The parties agree that there is no judicial review of administrative agency decision where

---

[1] In addition to filing an opposition as provided in Civil Local Rule 7.1, Plaintiff also filed a response to Defendants' reply. After the moving party's reply brief, motion briefing is closed, unless otherwise ordered by the court. *See* Civ. L. Rule 7.1. Plaintiff did not seek leave to court prior to filing his response to the reply. Accordingly, the response was improperly filed. Counsel is advised that any further failure to comply with the Local Rules may lead to sanctions pursuant to Civil Local Rule 83.1.

a statute precludes judicial review. (Opp'n at 3; Reply at 1.) Judicial review of the order denying Plaintiff's application for adjustment of status under 8 U.S.C. § 1255(i) is foreclosed by 8 U.S.C. § 1252, as amended by the REAL ID Act, Pub. L. No. 109-13, Stat. 231, Div. B (May 11, 2005).

> Section 1252(a)(2)(B) expressly states in pertinent part:
>
> Notwithstanding any other provision of law (statutory or nonstatutory), . . . except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review –
> (i) any judgment regarding the granting of relief under section . . . 1255 of this title . . ..

Because Plaintiff sought relief under section 1255, the court lacks jurisdiction to address his complaint. *See Hassan v. Chertoff*, 543 F.3d 564, 566 (9th Cir. 2008).

Plaintiff maintains, however, that the decision to deny his section 1255 application was not discretionary and that his complaint raises an issue of law rather than challenges a discretionary decision. Assuming *arguendo* that section 1252(a)(2)(B) does not apply in Plaintiff's circumstances, this court's jurisdiction is precluded by section 1252(a)(2)(D), which provides in pertinent part:

> Nothing in subparagraph (B) . . ., or any other provision of this chapter (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of . . . questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section.

Because Plaintiff did not present his claim to a Court of Appeals, this court lacks jurisdiction to address his claim. *See Hassan*, 543 F.3d at 566.

Plaintiff's argument that *Hassan v. Chertoff* is merely *dicta* is rejected. His reliance on *Romero-Torres v. Ashcroft*, 327 F.3d 887 (9th Cir. 2003), and *Gomez-Lopez v. Ashcroft*, 393 F.3d 882 (9th Cir. 2005), is unavailing. Unlike in this case, in *Romero-Torres* and *Gomez-Lopez* the petitions for review were filed directly with the Court of Appeals.

/ / / / /

/ / / / /

/ / / / /

For the foregoing reasons, Defendants' motion to dismiss is **GRANTED**.  This action is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**IT IS SO ORDERED.**

DATED:  November 5, 2009

_____
M. James Lorenz
United States District Court Judge